# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------------------

In re: )

    LUMIO HOLDINGS, INC., et al., ) **Chapter 11**

              )

             Debtors. ) **Case No. 24-11916 (JKS)**

--------------------------------------------------------------------------------

**JEFFREY T. VARSALONE, solely in his capacity as** )

**LIQUIDATING TRUSTEE of the LUMIO LIQUIDATING TRUST,** )

              )

             Plaintiff, )

              )

             v. ) **Adv. No. 25-52130 (JKS)**

              )

**DECA LIVING, LLC, ZENITH SECURITY, LLC,** )

**ZENITH SOLAR, LLC, JOHN BANKHEAD,** )

**OSCAR LUNA, and CODI NUKAYA,** )

              )

             Defendants. )

--------------------------------------------------------------------------------

## RESPONSE TO ADVERSARY COMPLAINT

## OF DEFENDANT CODI NUKAYA, Pro Se Defendant

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

## I. Introduction and Purpose

This response is submitted by Defendant **Codi Nukaya** in connection with the Adversary Complaint filed by **Jeffrey T. Varsalone, Liquidating Trustee of the Lumio Liquidating Trust** ("Plaintiff").

The purpose of this document is to provide a clear, factual, and good-faith response to the allegations contained in the Complaint and to assist in the preparation of a formal Answer and supporting evidence for submission to the Court.

## II. Background of Employment

1. Codi Nukaya was employed by **Lumio HX, Inc.**, a Delaware corporation, pursuant to a written **Offer of Employment dated December 21, 2021**.

2. Mr. Nukaya served in the capacity of **Director of Operations**, reporting to Lumio's Senior Vice President.

3. The Offer Letter specifies that employment was **"at-will"**, governed by the laws of the **State of Utah**, and did **not** confer any officer, director, or ownership status.

4. Mr. Nukaya was a **W-2 employee**, not a founder, partner, or member of any entity referenced in the Complaint, including **Deca Living, LLC; Zenith Security, LLC; Zenith Solar, LLC;** or any affiliated companies.

5. All job duties performed by Mr. Nukaya were carried out under the direction of Lumio management and within the scope of ordinary employment.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

6. Mr. Nukaya's employment with Lumio HX, Inc. concluded on or about **November 10, 2023**, as alleged in the Complaint. At that time, no allegations of misconduct or misuse of company funds were made.

7. Mr. Nukaya also executed a standard Confidentiality and Non-Solicitation Agreement on December 11, 2021, which contained no non-competition clause.

---

### III. General Denial

Except as specifically admitted herein, **Mr. Nukaya denies each and every allegation** of fact or conclusion of law set forth in the Complaint and denies that the Plaintiff is entitled to any relief whatsoever from him.

Mr. Nukaya reserves the right to amend or supplement these responses as discovery proceeds. References in the Complaint to Mr. Nukaya as a "Founder," "officer," or "director" are specifically denied as inaccurate and unsupported by fact.

---

### IV. Claim-by-Claim Responses

---

**Count II – Conversion**

**Summary of Allegation:**

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

The Trustee alleges that Defendant Codi Nukaya, along with other named defendants, wrongfully exercised control over funds or property belonging to Lumio HX, Inc. and its affiliates, including alleged corporate receivables, credit card expenditures, and other assets.

**Response:**

Defendant **Codi Nukaya denies** each and every allegation contained in Count II of the Complaint.

Mr. Nukaya was employed by **Lumio HX, Inc.** as a **Director of Operations** under a written **Offer of Employment dated December 21, 2021.**

He was a **W-2 employee**, not a founder, officer, director, or owner of Lumio or any related entity. At all times, Mr. Nukaya acted within the scope of his employment and under the direct supervision of Lumio management.

Mr. Nukaya did **not possess or exercise control** over any corporate bank accounts, receivables, or credit facilities of Lumio HX, Inc. He was **not authorized** to issue checks, direct wire transfers, approve financial transactions, or make accounting entries on behalf of the company.

To the extent that Mr. Nukaya incurred any business expenses, those expenses were made **in good faith** for legitimate corporate purposes and in accordance with Lumio's written expense reimbursement policies. All such transactions were documented, reviewed, and approved through Lumio's internal procedures.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

At no point did Mr. Nukaya retain, redirect, or convert any company property or funds for personal benefit, nor did he interfere with Lumio's ownership rights in any tangible or intangible assets.

Mr. Nukaya specifically denies that he charged or caused to be charged approximately **$371,473** in personal expenses, or any other amount, to Lumio corporate accounts.

**Supporting Evidence:**

- **Employment Offer Letter (Dec. 21, 2021)** confirming employee status and reporting structure.

- **Job description and organizational chart** demonstrating lack of financial authority or fiduciary role.

- **Expense documentation** showing legitimate business use and management approval.

- **Termination records and HR correspondence** confirming no allegations of financial misconduct at the time of separation.

**Conclusion:**

The Trustee's claim for conversion against Mr. Nukaya is **factually unsupported and legally deficient.** Mr. Nukaya lacked authority to control corporate assets and did not wrongfully exercise dominion over any property belonging to Lumio HX, Inc. Accordingly, Count II should be **dismissed in its entirety** as to Mr. Nukaya.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

*Count III – Unjust Enrichment*

*Summary of Allegation:*

*The Trustee alleges that the Defendants, including Codi Nukaya, were unjustly enriched by receiving and retaining benefits, payments, or property belonging to Lumio HX, Inc. or its affiliates, allegedly without providing fair value in return.*

*Response:*

*Defendant **Codi Nukaya denies** the allegations contained in Count III of the Complaint. At all relevant times, Mr. Nukaya was employed by **Lumio HX, Inc.** as a **Director of Operations** pursuant to a written **Offer of Employment dated December 21, 2021.***

*His compensation consisted solely of his agreed-upon salary and standard employee benefits as outlined in that offer letter. Mr. Nukaya received **no additional payments, distributions, bonuses, or transfers** from Lumio or any of the related DECA entities beyond his lawful W-2 wages.*

*Mr. Nukaya did not receive, retain, or benefit from any Lumio property, receivables, or funds other than compensation duly earned through the performance of his job duties. Any business-related reimbursements or expense payments were **approved, properly documented, and made pursuant to company policy.***

*The Trustee has provided **no factual basis or evidence** showing that Mr. Nukaya obtained an improper benefit or caused any financial detriment to Lumio HX, Inc. To the extent the claim relies on collective allegations directed at all defendants, such generalizations are **insufficient** to state a claim against Mr. Nukaya individually.*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

*Mr. Nukaya has not been unjustly enriched in any manner; every payment received was earned compensation reflected in Lumio's payroll records and subject to ordinary tax withholdings.*

**Supporting Evidence:**

- **Employment Offer Letter (Dec. 21, 2021)** – *defines compensation terms and employment relationship.*

- **Payroll and W-2 records** – *reflect only standard wages and tax withholdings.*

- **Expense reports and approvals** – *confirm legitimate business use and reimbursement compliance.*

- **Separation documentation** – *no findings of overpayment or misuse of funds.*

**Conclusion:**

*Mr. Nukaya did not receive or retain any unjust benefit from Lumio HX, Inc. His compensation was earned lawfully through regular employment. Accordingly, Count III fails to state a valid claim of unjust enrichment and should be **dismissed in full** as to Mr. Nukaya.*

---

**Count IV – Breach of Fiduciary Duty**

**Summary of Allegation:**

*The Trustee alleges that Codi Nukaya, along with John Bankhead and Oscar Luna, owed fiduciary duties of loyalty, care, and good faith to Lumio HX, Inc. and that each breached those*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

*duties by acting in their own interest, misusing company assets, or assisting competing ventures to Lumio's detriment.*

***Response:***

*Defendant **Codi Nukaya denies** the allegations contained in Count IV of the Complaint.*

*At no time did Mr. Nukaya serve as an **officer, director, or controlling person** of Lumio HX, Inc., Deca Living, LLC, Zenith Security, LLC, or Zenith Solar, LLC.*

*Mr. Nukaya was hired as a **Director of Operations**, a W-2 employee position, pursuant to a written **Offer of Employment dated December 21, 2021**, which explicitly established an **at-will employment relationship** governed by Utah law.*

*He did not hold corporate authority to sign, bind, or represent the company in fiduciary capacities, nor was he a member of any board of directors.*

*The duties Mr. Nukaya performed were those customarily associated with a mid-level operational management role under the supervision of senior executives.*

*He acted at all times **in good faith**, consistent with company policy, and in the best interests of Lumio HX, Inc.*

*Mr. Nukaya had **no independent control over finances, contracts, or strategic decisions** that could create or imply fiduciary obligations beyond his employment duties.*

*Because Mr. Nukaya was not an officer or director, he **owed no fiduciary duty** under corporate or common law.*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

*The Trustee's attempt to impose such duties on an at-will employee misstates the law and facts. Even if any generalized duty of loyalty applied, Mr. Nukaya fully complied with all company expectations and did not act against Lumio's interests.*

*The Trustee's characterization of Mr. Nukaya as a "Founder" of DECA or related entities is erroneous. He had no ownership interest or managerial authority in those companies before, during, or after his employment with Lumio HX, Inc.*

**Supporting Evidence:**

- **Employment Offer Letter (Dec. 21, 2021)** *– establishes at-will, non-executive employment status.*

- **Job description and organizational chart** *– show reporting structure to senior leadership, not the board.*

- **Corporate records and state filings** *– reflect no listing of Mr. Nukaya as officer or director.*

- **Performance evaluations or HR records** *– demonstrate good-faith service and no misconduct findings.*

**Conclusion:**

*Mr. Nukaya neither owed nor breached any fiduciary duty to Lumio HX, Inc.*

*He acted solely within the scope of his employment, under supervision, and without independent corporate authority.*

*Accordingly, Count IV should be **dismissed in its entirety** as to Mr. Nukaya.*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

---

***Count VI – Breach of Contract (Restrictive Covenant Agreement)***

***Summary of Allegation:***

*The Trustee alleges that Defendant Codi Nukaya entered into an employment agreement with Lumio HX, Inc. containing confidentiality, non-solicitation, and non-competition provisions, and that Mr. Nukaya breached those provisions by working with or assisting a competing company, Mio Home LLC, and by soliciting Lumio employees or customers.*

***Response:***

*Defendant Codi Nukaya admits that he executed a Confidentiality, Non-Solicitation, and Assignment of Inventions Agreement dated December 11, 2021. That agreement does not contain any non-competition clause and only restricts solicitation of Lumio employees or customers for one year following separation.*

*Mr. Nukaya's employment ended on or about November 10, 2023; therefore, any restricted period expired by November 10, 2024, nearly a year before this Complaint was filed.*

*Mio Home LLC is a landscaping and home-improvement company, not a solar or energy enterprise, and has never solicited Lumio customers or employees in violation of that agreement. Any individuals who later worked with Mio Home had already left Lumio and initiated contact on their own.*

*Even assuming arguendo that a restrictive covenant existed, **Mio Home LLC**—the company with which Mr. Nukaya later became involved—is a **landscaping and home-improvement business**,*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

not a solar, energy, or electrical contracting company. Accordingly, Mio Home LLC **does not compete** with Lumio HX, Inc. or any affiliated solar entity.

Mr. Nukaya did **not solicit** any Lumio employees or customers. Any individuals who were formerly employed by Lumio and later joined Mio Home had **either been terminated by Lumio or voluntarily left the company** before Mr. Nukaya's involvement with Mio Home. Those individuals **initiated contact with Mr. Nukaya**, reaching out independently to inquire about available work opportunities. At no time did Mr. Nukaya contact, recruit, or induce any Lumio personnel to leave their employment.

Mr. Nukaya likewise did **not disclose or use any confidential information** belonging to Lumio HX, Inc. Any restrictive obligations, if they existed, would have **expired by operation of time** well before the Trustee's filing of this Complaint in August 2025.

To the extent the Complaint alleges that Mr. Nukaya "became employed by, provided services to, or held ownership in Mio Home LLC," he admits that he serves as Chief Operating Officer of Mio Home Services, a home-improvement company, but denies that such involvement violates any contractual restriction or constitutes competition with Lumio HX, Inc.

***Supporting Evidence:***

- ***Employment Offer Letter (Dec. 21, 2021)*** – *references no non-compete clause.*

- ***Nature of Mio Home LLC's business*** – *landscaping / home improvement, not solar / energy.*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

- *Corporate filings and marketing materials* – *confirm no competitive overlap.*

- *Communications records* – *show that any former Lumio employees contacted Mr. Nukaya first.*

- *Employment timeline* – *demonstrates expiration of any possible restriction.*

*Conclusion:*

*Mr. Nukaya did not breach any contractual obligation to Lumio HX, Inc. There is no evidence of a valid non-compete agreement, no competitive relationship between Mio Home LLC and Lumio HX, Inc., and no solicitation of Lumio employees or customers. Accordingly, Count VI should be* **dismissed in its entirety** *as to Mr. Nukaya.*

---

*V. Affirmative Defenses*

*Without admitting any of the allegations in the Complaint, Defendant* **Codi Nukaya** *asserts the following affirmative defenses. These defenses are stated in the alternative and are based on currently available information. Mr. Nukaya reserves the right to amend or supplement these defenses as discovery proceeds.*

*1. Lack of Personal Jurisdiction / Improper Venue*

*Mr. Nukaya's* **Offer of Employment dated December 21, 2021** *expressly states that the agreement is governed by the* **laws of the State of Utah** *and that any disputes arising from the*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

employment relationship are subject to the **exclusive jurisdiction of Utah state and federal courts**.

The present action, filed in the United States Bankruptcy Court for the District of Delaware, is therefore **improperly venued** as to Mr. Nukaya, who resides and performed all employment duties outside Delaware. The Bankruptcy Court lacks personal jurisdiction over him for matters unrelated to the administration of Lumio's bankruptcy estate.

**2. No Fiduciary Duty Owed**

Mr. Nukaya was not an officer, director, or owner of Lumio HX, Inc. or any related entity. As a **W-2 employee**, he owed only the duties inherent in ordinary employment, not fiduciary obligations arising under corporate law. Because the Trustee's fiduciary-duty claim depends on a mischaracterization of Mr. Nukaya's role, all claims premised on such a duty must fail.

**3. Lack of Authority or Control Over Corporate Funds**

Mr. Nukaya did not possess authority to open, direct, or control company bank accounts, receivables, or payments. He had no signatory powers, no access to accounting systems, and no role in Lumio's financial administration. Accordingly, he could not have committed conversion, unjust enrichment, or any act involving misappropriation of corporate assets.

**4. Good Faith and Legitimate Business Conduct**

All of Mr. Nukaya's actions were taken **in good faith**, within the ordinary scope of his employment duties, and with Lumio management's oversight. At no time did he knowingly

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

*engage in any conduct intended to harm Lumio HX, Inc. or to obtain personal benefit at the company's expense.*

### 5. No Valid or Enforceable Restrictive Covenant

*Mr. Nukaya's **Confidentiality and Non-Solicitation Agreement** dated December 11, 2021, contains **no non-competition provision** and, by its own terms, any restriction expired one year after his separation on November 10, 2023. Even if construed as a restrictive covenant, it is unenforceable under Utah law due to expiration, overbreadth, and lack of legitimate business interest. Mio Home LLC's operations are non-competing and unrelated to Lumio's solar business. Moreover, **Mio Home LLC's landscaping and home-improvement operations do not compete** with Lumio's solar energy business. Any purported "Restrictive Covenant Agreement" attached or referenced by the Trustee has not been produced and, upon information and belief, no executed copy exists.*

### 6. Lack of Causation and Damages

*The Trustee's claimed damages of "not less than $5,599,373.12" are speculative, unsupported by documentation, and not causally linked to any act or omission by Mr. Nukaya. Any alleged damages are speculative, unsupported by evidence, and not causally linked to Mr. Nukaya's conduct.*

### 7. Failure to State a Claim

*Each count in the Complaint fails to allege facts sufficient to state a claim for relief against Mr. Nukaya. The Trustee relies on broad, conclusory assertions and group allegations without specific conduct attributable to him.*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

### *8. Statute of Limitations and Laches*

*To the extent any of the alleged conduct occurred outside the applicable statutory period or during Mr. Nukaya's lawful employment, such claims are **time-barred**. Any delay by the Trustee in asserting these claims has caused undue prejudice and therefore bars recovery under the doctrine of **laches**.*

### *9. Estoppel, Waiver, and Unclean Hands*

*The Trustee's claims are barred, in whole or in part, by **estoppel, waiver, and unclean hands**, as Lumio HX, Inc. and its management approved or benefited from the actions now challenged. Mr. Nukaya reasonably relied on the company's direction, policies, and oversight during his employment.*

### *10. Reservation of Additional Defenses*

*Mr. Nukaya reserves the right to assert additional defenses that may become available during discovery, including but not limited to indemnification, lack of standing, and failure to join indispensable parties.*

## VI. Conclusion

For the reasons stated herein, **Defendant Codi Nukaya** respectfully requests that the Court **dismiss all claims asserted against him** in the Complaint, **award reasonable costs and attorney's fees as appropriate**, and grant such other and further relief as the Court deems just and proper.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

Mr. Nukaya further **reserves all rights to seek dismissal or judgment** under **Federal Rules of Bankruptcy Procedure 7012 and 7016** once proper discovery establishes that there is no factual or legal basis for the claims asserted against him.

---

Respectfully submitted,

/s/ Codi Nukaya

Codi Nukaya
Pro Se Defendant
3308 Tiverton Drive Arlington, TX 76001
Email: codi.nukaya@gmail.com
Phone: (208) 680-6853
Date: October 30, 2025



# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, **Codi Nukaya**, hereby certify that on **October 30, 2025**, I caused a true and correct copy of the

**Response to Adversary Complaint** to be served by first-class mail, postage prepaid, upon the

following:

**Clerk of the Bankruptcy Court**
United States Bankruptcy Court
District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

**Counsel for Plaintiff (Delaware Counsel):**
Morris Nichols Arsht & Tunnell LLP
Attn: Robert J. Dehney, Matthew O. Talmo, Brenna A. Dolphin
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
**Counsel for Plaintiff (National Counsel):**
DLA Piper LLP (US)
Attn: Joseph A. Piesco, Edward Rooker
1251 Avenue of the Americas
New York, NY 10020

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of October, 2025.

/s/ Codi Nukaya

Codi Nukaya
Pro Se Defendant
3308 Tiverton Drive
Arlington, TX 76001
Email: codi.nukaya@gmail.com
Phone: (208) 680-6853

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

**VII. Exhibits**

Defendant **Codi Nukaya** respectfully submits the following Exhibits in support of this Response to Adversary Complaint.

Each Exhibit is attached hereto and incorporated by reference as evidence supporting the factual statements contained in the foregoing Response.

| Exhibit | Description |
| --- | --- |
| A | Offer of Employment between Lumio HX, Inc. and Codi Nukaya (executed December 21, 2021) |
| B | Business Summary – Mio Home LLC (Landscaping and Home Improvement Company) |

**Declaration**

I, **Codi Nukaya**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements and attached Exhibits are true and correct to the best of my knowledge and belief.

Executed this 30th day of October, 2025.

**Respectfully submitted,**

/s/ Codi Nukaya
**Codi Nukaya**
Pro Se Defendant
3308 Tiverton Drive
Arlington, TX 76001
Email: codi.nukaya@gmail.com
Phone: (208) 680-6853
Date: October 30, 2025

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

**EXHIBIT A**

**Offer of Employment between Lumio HX, Inc. and Codi Nukaya**

**Filed in Support of Response to Adversary Complaint**



# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

Lumio

11/24/2021

Codi Nukaye
3308 Tiverton
Arlington          TX  76001

Re: Offer of Employment with Lumio HX, Inc.

Dear Codi Nukaye

Lumio HX, Inc., a Delaware corporation (the "Company"), is pleased to offer you employment on the following terms:

1. **Title, Duties, and Starting Date.** You will serve in a full-time capacity as the Company's Director of Operation . You will report directly to the Company's Sr Vice President Your initial duties will be those which are consistent with a similar position in the photovoltaic/solar sales and home services industry and as otherwise assigned to you from time to time. Your direct reporting and job duties may change from time to time at the direction of the Company's Board of Directors. Your start date will be the day following the completion of the transaction currently under negotiation between Lumio HX, Inc. and Zenith Solar, LLC; Zenith Security, LLC, or DECA Living, LLC          . You acknowledge that you have no contractual or other legal obligations that would prohibit you from performing these duties. During your employment with the Company, you will not engage in any other employment, consulting or other business activity, without the prior written consent of the Board of Directors.

2. **Salary.** You will be paid a salary at the annual rate of Two Hundred Ninety-Five Thousand Dollars (US $ 295,000     ), payable in bi-weekly installments in accordance with the Company's standard payroll practices and subject to all withholdings and deductions as required or permitted by law. The Company reserves the right, in its sole discretion, to prospectively modify your compensation at any time and for any reason, to the extent permitted by law.

3. **Bonus.** The Company has not yet implemented an official bonus program, but in such event that a bonus program is adopted you will be eligible to participate therein and earn an additional annual bonus, based upon at least the following elements: Company profitability, and other key performance indicators which the Company's CEO, COO, and Board will decide from time to time.

4. **Classification.** You will be classified as exempt under the Fair Labor Standards Act, and are not entitled to overtime pay for hours worked over 40 in a workweek.

5. **Benefits.** You will have the option to participate in the Company's benefit programs and Company contribution

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

modify or terminate any of its benefit plans or programs at any time and for any reason, to the extent permitted by applicable law.

6. **Expenses.** The Company will reimburse you for all reasonable out-of-pocket business expenses that you incur in fulfilling your duties hereunder, in accordance with the general policy of the Company as in effect from time to time, provided that you furnish the Company adequate records and other documentary evidence required by federal and state tax authorities to establish such expense as a deduction on the income tax returns of the Company.

7. **"At-Will" Employment.** Your employment with the Company will be "at will," meaning that either you or the Company will be entitled to terminate your employment at any time, with or without cause, and with or without notice. Any contrary representations that may have been made to you are superseded by this offer letter and should be disregarded by you. This is the full and complete agreement between you and the Company on this term. Although your duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express agreement signed by you and an authorized representative of the Company.

8. **Entire Agreement; Waiver.** Except as otherwise provided by applicable law, this letter and its attachments contain a summary of the material terms of your employment with the Company and supersede any prior understandings or agreements, whether oral or written, between you and the Company. No waiver of any of the terms of this letter agreement shall be valid unless signed by the party hereto against whom such waiver is asserted and a waiver at any time of any of the terms of this letter agreement shall not be construed as a waiver at any subsequent time of the same terms. This letter agreement will be governed by the laws of the State of Utah. All disputes between you and the Company hereunder will be heard exclusively in the courts in the State of Utah and you hereby submit to the jurisdiction of such courts with respect to any such dispute.

9. **Required Contingencies.** This offer is contingent upon:
    a. Signing the Agreement Regarding Confidentiality, Non-Solicitation, and Assignment of Inventions ("*Confidentiality Agreement*") which has been attached as Exhibit A.
    b. Verification of your right to work in the United States, as demonstrated by your completion of the Form I-9 upon hire and your submission of acceptable documentation (as noted on the Form I-9) verifying your identity and work authorization within three days of starting employment. For your convenience, a copy of the Form I-9 List of Acceptable Documents is attached as Exhibit B for your review.
    c. In the Company's discretion, satisfactory completion of a background investigation to be conducted by third-party Sterling Infosystems, Inc.
    d. The onboarding documents attached as Exhibit C.
    e. The completion of the transition of Zenith Solar, LLC ...

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE



We look forward to having you join our team

VP of People, Ben Harper

I have read and accept this employment offer:

*(Signature)*

Codi Nukaya

Printed Name:

Dated: 12/21/2021

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

**Exhibit B – Business Summary of Mio Home LLC**

**Company Name:** Mio Home LLC

**State of Formation:** Texas

**Date of Formation:** June 28, 2023

**Principal Officers / Ownership:** Owned solely by Oscar Luna and Sara Luna

**Operational Affiliate:** Mio Home Services LLC – 70% owned by Mio Home LLC and 30% owned by N Unit Operations LLC (Codi Nukaya)

**Chief Operating Officer:** Codi Nukaya

---

**Business Overview**

Mio Home LLC is a **Texas-registered residential improvement company** providing homeowners with high-quality, non-energy-related property services. Its operations include:

- **Landscaping** (turf installation, xeriscaping, and outdoor design)
- **Home Improvement Construction** (pergolas, pavilions, patios, and exterior renovation)
- **Roofing Division** (minor, limited operations to date)
- **Pest Control and Eave Lighting** installation and maintenance services

The company holds an active contractor license in **Nevada** and operates in regions where no license is required, including **North, Central, and West Texas**, as well as **Las Vegas, Nevada**. Mio Home currently employs approximately **15 team members** across these markets.

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

**Business Independence and Industry Separation**

Mio Home LLC has **no ownership, contractual, or financial relationship** with Lumio HX, Inc., Deca Living, LLC, Zenith Security, LLC, or Zenith Solar, LLC.

The company's focus is entirely on **residential landscaping and home-improvement projects**—not solar, energy generation, or electrical contracting.

Although Mio Home briefly explored selling solar systems during **May 2025**, the initiative lasted approximately **one month** and resulted in **no sales or installations**.

This limited trial occurred **well beyond the expiration** of any one-year non-competition period tied to Mr. Nukaya's prior employment with Lumio HX, Inc.

Since that time, Mio Home has continued exclusively in **non-competing home-improvement services**.

**Mission Statement**

*Mio Home exists to provide homeowners with a single, reliable source for high-quality landscaping and home-improvement solutions—combining craftsmanship, integrity, and customer-focused service to transform residential properties.*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

**Purpose of Exhibit**

This summary is submitted to demonstrate that **Mio Home LLC operates in a distinct, non-competing industry** and had **no overlap or competitive relationship** with Lumio HX, Inc. or its affiliates.

Mio Home's formation, ownership structure, and service offerings confirm that Mr. Codi Nukaya's involvement with the company is unrelated to Lumio's solar-energy business and could not have violated any restrictive-covenant or fiduciary obligations alleged in the Complaint.